Cartter, C. J.,
pronounced the decision of the court to the effect—
First. That the act of Congress, approved July 22, 1860, entitled “An act to carry into effect provisions of the treaties between the United States, China, Japan, Siam, Persia, and other countries,” &c., confers upon the officers therein mentioned judicial powers which they have authority to exercise over citizens of the United States in those countries in matters both civil and criminal.
Second: That the treaties of 1830 and 1862 with Turkey place our Government on a footing with the most favored nations, giving the same rights and privileges to our people in that country that are conceded by the Sublime Porte to the subjects of other Christian states. That among the rights thus secured is that of establishing consular courts, with jurisdiction to hear and determine all classes of cases between American citizens, to the exclusion of the local jurisdiction; and this is now the well-settled and established usage of Turkey and other non-Christian nations in their intercourse with Europe and the United States. That, therefore, the defendant, as the diplomatic representative of this country in Egypt, had jurisdiction of the proceedings stated in the pleadings, and is not responsible except to the Government and laws of the United States.
Third. It is contended that the defendant is not a judicial court, and is not entitled to the protection of a judge of a ju *92 dicial court. That the judicial power of the United States is vested by .the Constitution in one Supreme Court and such inferior courts as Congress from time to time may ordain and establish; and that the judges thereof shall hold their offices during good behavior, and their salaries shall not be diminished, and that therefore, as a consul or minister is an executive officer, he cannot be vested with judicial power so as to be entitled to the immunities of a judge; but even if consuls and ministers could not be vested with judicial powers under the constitutional provision referred to, still it might be justified under the part of the Constitution for making treaties and appointing embassadors, ministers, and consuls. That this latter power is general and unrestricted, and leaves Congress at full liberty to make all regulations necessary for the safety and protection of the citizens of the United States in all countries with which we have treaty stipulations. The judicial duties assigned to our ministers and consuls in those countries is, therefore, a legitimate exercise of legislative authority, and as the defendant was empowered thereby to sit as a court, and inasmuch as the acts complained of were done in that capacity, he is not liable in this form of proceeding.
Fourth. That the demurrer to the plea was properly overruled, for the reason that the declaration itself is fatally defective in not stating the quality, quantity, or number or value of the goods, wares and merchandise, or the claims and choses in action, or the names of the parties owing them. This is material in actions for injuries to goods, and as the declaration is the first pleading defective, judgment on the demurrer was properly rendered against plaintiff.
The order overruling the demurrer is affirmed.